UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARVIS FARRIS, | ) | Case No. 1:16 CV 1055 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| COMMUNICARE HEALTH SERVICES, | ) | |
| INC., et al., | ) | |
| | ) | |
| | ) | **ORDER** |
| Defendants. | | |

The parties now jointly seek leave to file their Confidential Settlement Agreement and Joint Motion for Court Approval of Settlement and Dismissal under seal. The only ground for sealing the documents offered by the parties is their agreement that the terms of settlement include confidentiality.

The United States Sixth Circuit Court of Appeals has long held that the "public has a strong interest in obtaining the information contained in the court record" and that the public interest is focused not only on the result of litigation but also on the "conduct giving rise to the case;" as such, the Circuit Court finds, "secrecy" may "[insulate] the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). According to the Sixth Circuit, "the public is entitled to assess for itself the merits of judicial decisions" and in so doing "the public has an interest in ascertaining what evidence and records the District Court and this Court

have relied upon in reaching our decisions." *Id.*, citing *Brown* at 1181. The Sixth Circuit concludes that it is due to this "'strong presumption in favor of openness' as to court records" that "only the most compelling reasons can justify non-disclosure of judicial records. *Id.*

Where, as here, parties seek to cloak their settlement agreement under seal, the parties must overcome the strong presumption in favor of openness by demonstrating a compelling reason justifying non-disclosure. *Id.* citing *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). "Even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.* To satisfy the burden established by the Sixth Circuit the proponent of sealing must "'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* citing *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002).

The parties in this matter have made no such showing. The only justification for seal offered by the parties has long been rejected by the Sixth Circuit, which holds a "confidentiality agreement between the parties does not bind the court in any way" and admonishes that courts "should not seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records." *Brown* 710 F.2d at 1180; *see also Rudd Equip. Co., Inc. v. John Deere Const. & Forestry Co.,* 834 F.3d 589, 594 (6th Cir. 2016) "In determining the appropriateness of sealing court records . . . we consider, among other things the competing interests of the defendant's right to a fair trial, the privacy rights of participants or third parties, trade secrets, and national security.") According to the Sixth Circuit, this Court's obligation to seal only where specific findings and conclusions will justify nondisclosure continues "even if neither party objects to the motion to seal." *Shane,* 825 F.3d at 306. The entry of a seal in the absence of a full analysis explaining "why the interests in support of

nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary—is itself grounds to vacate an order to seal.  *Id.*  Moreover, although this Court's decision to seal would be reviewed under an abuse of discretion standard, the Sixth Circuit holds "in light of the important rights involved, the district court's decision is not accorded the deference that standard normally brings*. Id.* at 306 citing *In re Knoxville,* 723 F.2d at 476.

Separate and apart from the emphasis on public interest in disclosure inherent in the Fair Labor Standards Act's requirement that settlements be submitted for court approval, this record is devoid of the demonstrated compelling interest necessary to consider sealing either the agreement or the motion requesting approval.  Accordingly, the parties' motion is DENIED as submitted.  If the parties believe that they are able, on resubmission, to fully satisfy the requirements imposed by the Sixth Circuit on requests to seal a request for approval and settlement agreement, they may resubmit the request, but are cautioned to do so only if the motion is narrowly tailored to address compelling interests recognized by the Circuit.

**IT IS SO ORDERED**.


  */s/ John R. Adams*
  **U.S. DISTRICT JUDGE**
  **NORTHERN DISTRICT OF OHIO**

Dated: December 14, 2016

3